# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:05CV206-MU-02

| | | |
|---|---|---|
| **EDWARD LEE MEDLEY,** | ) | |
|     Petitioner, | ) | |
| | ) | |
|     v. | ) | <u>ORDER</u> |
| | ) | |
| **SID HARKLEROAD, Superintendent,** | ) | |
|     Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on petitioner's Petition for a Writ of <u>Habeas Corpus</u> under 28 U.S.C. §2254, filed May 24, 2005; and on the respondent's "Motion For Summary Judgment And Answer To Petition . . ," filed June 27, 2005. For the reasons stated herein, and for the further reasons stated in the respondent's Motion for Summary Judgment, the instant Petition will be <u>dismissed</u>.

According to the record of this matter, on September 15, 2003, the petitioner appeared before the Superior Court of Wilkes County and pled guilty to Second Degree Murder. On the occasion of his conviction, the Court sentenced the petitioner, in accordance with the terms of his written Plea Agreement, to 237 to 294 months imprisonment.

The petitioner did <u>not</u> appeal his conviction or sentence. Rather, on January 28, 2004, the petitioner filed a Petition for Writ of <u>Certiorari</u> in the North Carolina Court of Appeals, seek-

ing permission to file a belated appeal.  However, the petitioner's Petition was denied on February 13, 2004.  Thereafter, on July 6, 2004, the petitioner filed a Petition for Discretionary Review in the Supreme Court of North Carolina.  After construing the subject Petition as one for certiorari review, the State Supreme Court denied the Petition on August 12, 2004.

Next, on October 20, 2004, the petitioner commenced his pursuit of collateral review with a Motion for Appropriate Relief ("MAR" hereafter) filed in the Superior Court of Wilkes County.  The petitioner's MAR was summarily denied on April 8, 2005.  The petitioner again sought certiorari review by a Petition filed April 21, 2005, but that Petition also was denied by Order of May 12, 2005.

Thereafter, on May 24, 2005, the petitioner came to this Court with the instant Petition, complaining that his guilty plea had not been intelligently and voluntarily tendered; that the evidence was insufficient to support his guilty plea; that the Court erred in imposing an aggravated sentence; and that he is entitled to relief under the principles announced in Blakely v. Washington, 542 U.S. 296 (2004).

On June 27, 2005, the respondent filed his Motion for Summary Judgment and Answer.  Chiefly, the respondent's combined pleading makes several convincing arguments in favor of summary judgment.  Indeed, the respondent first argues that the instant Habeas Petition was not timely filed because more than one year

elapsed from the time that the petitioner's conviction and sentence became final on September 30, 2003 the time that he filed this Petition on May 24, 2005.  Second, the respondent argues that the petitioner's claims are without merit in any event.

That is, the respondent argues that the record does not support the petitioner's allegation of an involuntary, unintelligent guilty plea.  On the contrary, the respondent argues that the record, including the petitioner's sworn representations, supports a conclusion that the subject guilty plea was knowingly and voluntarily tendered.

The respondent further argues that the record contains the petitioner's stipulation to the existence of a factual basis.  Therefore, since federal law provides that a guilty plea itself can provide a sufficient factual basis to support a conviction, the petitioner cannot prevail on this claim.

The respondent also argues that the record reflects the petitioner's stipulation to the existence of the aggravating factor which was found by the Court, and that such admitted factor was the only matter which was relied upon to impose an aggravated sentence.  Therefore, the respondent argues that the petitioner cannot prevail in his enhanced sentence.

Finally, the respondent argues that the petitioner is not entitled to any relief under <u>Blakely</u> inasmuch as he actually stipulated to the existence of the sole factor which formed the

basis of his enhanced sentence. Moreover, the respondent argues that, even if the Court had erred in the manner which the petitioner alleges, the Blakely case cannot be retroactively applied to this collateral proceeding in any event. Therefore, the respondent asks this Court to summarily dismiss the petitioner's Petition.

After reviewing the respondent's Motion for Summary Judgment and his supporting Memorandum, on July 15, 2005, the undersigned entered its standard Roseboro-type Order. Such Order explained to the petitioner that it appeared that the respondent was entitled to a judgment as a matter of law, and it directed him to file a response to the respondent's Motion. By the terms of that Order, the petitioner's response had to be filed with this Court within 30 days from the filing date of the Order, that is, no later than August 15, 2005.

Notwithstanding the Court's efforts, the petitioner's filing deadline has passed, and still he has not filed a response or any other document in opposition to the respondent's Motion. Nor has the petitioner sought an extension of time in which to file a response to the respondent's Motion for Summary Judgment.

Accordingly, inasmuch as the petitioner has failed to rebut the respondent's evidentiary forecast, which forecast tends to demonstrate both that the petitioner's Petition was not timely filed, and that the claims therein set forth are baseless, the Court concludes that the respondent's Motion for Summary Judgment

should be granted.

To be sure, on this record, the respondent has forecast evidence which tends to establish that the petitioner's conviction and sentence became final on September 29, 2003; that the clock for the petitioner's one-year limitations period began running on September 30, 2003, and continued for 119 days until January 28, 2004, when the petitioner filed his request for a belated appeal; that excluding the period while the request for an appeal was pending, the one-year clock resumed on February 14, 2004, and ran for another 243 days, until the petitioner's MAR was filed; that the clock was tolled during the petitioner's pursuit of collateral review, but then resumed on May 13, 2005 upon the denial of his certiorari petition; and that the clock fully expired three days later on May 16, 2005.

To put it simply, by the time that the petitioner filed this Petition on May 24, 2005 (which Petition is dated May 18, 2005-- that is, two days after the expiration of the one-year period), the one-year limitation period already had expired one week earlier. Yet, the petitioner has failed to request, or even to offer any basis for the Court to equitably toll the limitations period.

Equally critical, even if the Court were to conclude that the subject Petition was timely filed, the respondent's evidentiary forecast reflects that the claims still would be subject to dismissal. As was previously recounted, the respondent has

forecast evidence which tends to show that the petitioner's guilty plea was valid; that such plea was amply supported by the petitioner's stipulation as to guilt; that the petitioner also stipulated to the existence of the sole aggravating factor which was used to calculate his sentence; and that the <u>Blakely</u> decision does not afford the petitioner any relief in this case.  On such a record, then, this Court must conclude that there is no genuine issue as to any material fact, and that the respondent is entitled to a judgment as a matter of law.  <u>See</u> Fed.R.Civ.P. 56(c).  Accordingly, the respondent's Motion for Summary Judgment will be <u>granted</u>.

    **NOW, THEREFORE, IT IS ORDERED:**

    1.  That the respondent's Motion for Summary Judgment is **GRANTED**;

    2.  That the petitioner's Petition for a Writ of <u>Habeas Corpus</u> is **DENIED and DISMISSED**; and

    3.  That the Clerk shall send copies of this Order to the parties.

    **SO ORDERED.**

**Signed: August 19, 2005**

*Graham C. Mullen*
Chief United States District Judge